Pathania v. Metropolitan Museum of Art

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand fourteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>JOHN M. WALKER, JR.,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges*.

---

AJAY PATHANIA,

>*Plaintiff-Appellant*,

>v.                                         No. 13-2760

METROPOLITAN MUSEUM OF ART,

>*Defendant-Appellee*.[*]

---

For Plaintiff-Appellant:          STEWART LEE KARLIN, The Law Offices of Stewart Lee Karlin, P.C., New York, NY.

---

[*] The Clerk of the Court is directed to amend the official caption to conform to the above.

For Defendant-Appellee: RICHARD H. BLOCK (Jessica W. Catlow, *on the brief*), Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY.

Appeal from a judgment entered following an order granting, in part, defendant-appellee's motion for summary judgment (Azrack, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and is hereby **AFFIRMED**.

Plaintiff-Appellant Ajay Pathania appeals a June 20, 2013 judgment entered by the United States District Court for the Eastern District of New York (Azrack, *M.J.*) pursuant to an order granting, in part, the motion of Defendant-Appellee Metropolitan Museum of Art ("the Met") for summary judgment.[1] On appeal, Pathania contends that the district court erred in granting the Met summary judgment as to his hybrid § 301/ Duty of Fair Representation ("§ 301/ DFR") claim. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision. For the reasons that follow, we affirm.

We review the district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences in favor of the non-moving party. *See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 63–64 (2d Cir. 2012). Summary judgment is appropriate only where the record shows "that there is no genuine dispute

---

[1] The parties consented to proceed before a magistrate judge and to the magistrate judge's authority to direct the entry of final judgment. *See* D. Ct. Dkt. No. 29. Following the district court's partial grant of the Met's motion for summary judgment, the parties stipulated to the dismissal with prejudice of the sole surviving claim. *See* D. Ct. Dkt. No. 50.

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The elements of a § 301/DFR claim are well established. To prevail, the plaintiff must prove "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001). While the district court ruled that the Met was entitled to summary judgment as to both elements, we find the second element dispositive and so do not reach the first.

A union breaches its duty of fair representation when its conduct towards its members is arbitrary, discriminatory, or undertaken in bad faith. *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998); *see also Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). Having shown that the union's actions meet this standard, the plaintiff must then "demonstrate a causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir. 1998).

Pathania argues that the decision by District Council 37, Local 1503 ("the Union") not to bring a grievance on his behalf to challenge the legitimacy of his layoff under the Union's collective bargaining agreement was either arbitrary or undertaken in bad faith. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' . . . as to be irrational," *id*. at 129 (alterations in original) (quoting *O'Neill*, 499 U.S. at 67) (internal quotation marks omitted), and we have noted that this latitude of discretion means that "[a] union's reasoned decision to support the interests of one group of employees over the competing interests

3

of another group does not constitute arbitrary conduct," *id*. We have similarly noted that "the duty of fair representation is not breached where the union fails . . . to process a grievance due to error in evaluating the merits of the grievance." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1153-54 (2d Cir. 1994). Finally, we note that "[a] showing of bad faith requires a showing of fraudulent, deceitful, or dishonest action." *White*, 237 F.3d at 179 (internal quotation marks and alterations omitted).

Notwithstanding these precedents, Pathania contends, first, that he is entitled to an "inference" that the Union breached its duty of fair representation because the Met's breach of the collective bargaining agreement was so apparent, and, second, that the fact that he had contested a Union election three months prior to his layoff raises at least a triable issue of fact as to whether the Union decided not to bring a grievance in order to retaliate against him.

The first of Pathania's arguments appears to suggest that the obviousness of the Met's breach raises the inference that the Union acted arbitrarily in declining to bring a grievance. This proposition finds no support in the law of this Circuit, and we decline to invent such a link between the first and second elements of a § 301/ DFR claim here. Because evidence adduced on summary judgment established that the Union took its position on the merits of Pathania's grievance on the basis of a reasoned judgment about the optimal way in which seniority-based layoffs should be undertaken (that is, to assure that skill sets of Met employees were preserved), we conclude that the Union did not act arbitrarily in declining to bring Pathania's grievance.

The second of Pathania's arguments in support of an "inference" of bad faith is also soundly defeated by the Met's evidentiary showing on summary judgment. Assuming, *arguendo*, that the temporal proximity of Pathania's contesting of a Union election and the Union's decision

4

not to bring a grievance on his behalf raises a plausible inference that the Union acted in bad faith, the Met's evidentiary showing on summary judgment renders that inference unreasonable. The Met introduced evidence that the Union decided not to press Pathania's grievance following its negotiations with the Met about the Met's across-the-board layoffs, and that the Union subsequently made a good faith determination not to contest the Met's decision that Pathania and nineteen of his peers should be laid off due to their relative seniority within each shop. We discern no evidence of fraud, deceit, or dishonesty in the Union's reasoned explanation for its decision not to bring a grievance on Pathania's behalf. On the contrary, whether evincing a good faith (but perhaps erroneous) interpretation of the collective bargaining agreement, or a principled determination by the Union that its membership's broader interests were better served if the Met's across-the-board layoffs respected the seniority of Union members within each shop, the Union's decision not to bring grievances on behalf of members such as Pathania was patently above the minimum requirements of the implied duty of fair representation. Accordingly, we affirm the grant of summary judgment in the Met's favor regarding Pathania's § 301/ DFR claim.

We have considered Pathania's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5